## Denyko v. Northeastern Bank of Pennsylvania

*Steven D. Gladstone,* for plaintiffs.
*James F. Marsh,* for defendants.

MILLER, *J.,* December 28, 1992—This case currently comes before us on plaintiffs' petition to disqualify Timothy Kelly, Esq., and the law firm of Munley, Matisse and Kelly, as defendants' counsel. The underlying dispute between the parties centers on the defendants' alleged breach of an agreement to release certain of plaintiffs' real estate from the liens of mortgages in which the defendants had an interest and the defendants alleged tortious interference with the plaintiffs' contractual relations with a third party for the sale of said same real estate.

This case has previously been before us on defendants' preliminary objections to plaintiffs' amended complaint, which preliminary objections were denied by opinion and order dated June 4, 1992. A complete statement of the somewhat complex factual background is set forth therein.

With regard to the issue presently outstanding, it is noted that, following the filing of their respective briefs, counsel for the parties appeared before us at oral argument on December 8, 1992, at which time the defendants were

represented by attorney James F. Marsh. Attorney Kelly's deposition also comprises part of the record in this matter and is relied upon by the parties to bolster their arguments. We are now ready to proceed with the disposition of the issues raised by plaintiffs' petition.

In support of their instant petition to disqualify counsel, plaintiffs invoke Pennsylvania Rule of Professional Responsibility 3.7 which provides as follows:

## "Rule 3.7  Lawyer as Witness

"(a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client.

"(b)  A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

The plaintiffs argue, further, that the contract allegedly breached by the defendants in this matter is an oral one, the terms of which were negotiated personally by attorney Kelly on behalf of the bank. In order to prove their case at trial, plaintiffs maintain that it will be necessary to call attorney Kelly as a witness and that he will be questioned as to contested and material matters including his alleged telephone conversation with plaintiff Valerie J. Denyko.

We have considered plaintiffs' arguments and have examined the record in this case, including attorney Kelly's deposition, and conclude that plaintiffs' position is without

merit. There is no indication from the record produced that attorney Kelly personally negotiated the terms of the alleged oral contract between the parties. It seems clear to this court that attorney Kelly was no more than a conduit for the terms and conditions of any agreement which then had to be approved by the bank. To disqualify counsel for performing these ordinary legal services would put clients in the position of looking for new trial counsel every time a deal falls through. Moreover, we find that the extent of Mr. Kelly's contacts with plaintiff Valerie J. Denyko were limited to an attempt on his part to explain to a very persistent woman that, as she was already represented by counsel, he was unable to discuss this matter with her. Having reached this conclusion regarding attorney Kelly, it is unnecessary for us to address the remainder of plaintiffs' petition.

For the foregoing reasons, we deny plaintiffs' petition to disqualify counsel.

## ORDER

And now, December 28, 1992, plaintiffs' petition to disqualify counsel is hereby denied.